IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| vs. | ) Criminal Action No. 20-00016-KD-N |
| | ) |
| KATRINA M. JOHNSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the State of Alabama's Objection to Subpoena for the District Attorney's Records and Motion to Quash Subpoena (doc. 70) and the Response filed by Defendant Katrina M. Johnson (doc. 74, under seal). Upon consideration, and for the reasons set forth herein, the Motion to Quash Subpoena is **GRANTED as to all incident reports, medical and psychological records, photos and witness statements regarding Johnson, but DENIED as to the psychological evaluation of Ralph Everett Morie.**

Defendant Johnson is set for sentencing on August 28, 2020. Previously, she obtained authorization to retain a local psychologist to provide a psychological evaluation (doc. 35). Johnson then subpoenaed "[a] copy of the Taylor Hardin psy. eval. of Ralph Everette Morie (Mobile Co. Court Case Nos. cc-2001-3315, 3316 &3317) and also all incident reports, medical and psy. records, photos & witness statements re: Katrina Johnson in your files" from the District Attorney for Mobile County, Alabama (doc.70-1).

The State of Alabama moved to quash the subpoena. The State argues that the documents are investigative records which are privileged communications and that Johnson has not met her burden to show exceptional circumstances which allow disclosure. Ala. Code § 12-21-3.1(a) – (c). Specifically, the State argues that Johnson has not shown by "proof of substantial evidence" that she will "suffer undue hardship" if she does not obtain the records and that the records are "unavailable from other reasonable sources." (doc 70, p. 2)

In response, Johnson first argues that she has not subpoenaed privileged "investigative reports", but instead the 2001 incident reports, photographs, witness statements, her own medical

and psychological records, and Morie's psychological evaluation, which are not privileged.[1] (Doc. 74, under seal).  Johnson next argues that if the Court finds these documents are privileged, then she has shown a substantial need. Specifically, she argues they are relevant and necessary for the local psychologist to review in order to provide her complete psychological evaluation and "extremely relevant" for the Court to consider when applying the sentencing factors in 18 U.S.C. § 3553(a). Johnson also asserts that the 2001 incident reports, etc., are not available from any other source. She admits that Morie's evaluation report may be available from the Taylor Hardin Secure Medical Facility but would face an extreme hardship if she must subpoena the Facility "for records which are readily available from the District Attorney in a closed file." (Id., p. 3) Last, Johnson argues that she has a right to this discovery before sentencing pursuant to Brady v. Maryland. (Id., p. 4).

Rule 17 of the Federal Rules of Criminal Procedure allows Johnson to subpoena the production of "any books, papers, documents, data, or other objects the subpoena designates," before the items are offered into evidence. Fed. R. Crim. P. 17(c)(1).  Generally, to obtain a subpoena, the party must establish: "(1) [T]hat the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" United States v. Nixon, 418 U.S. 683, 699–700 (1974).  "To meet the requirement for issuing a Rule 17(c) subpoena, the requesting party must demonstrate that the materials sought are (1) relevant; (2)

---

[1] Johnson cites Ex parte Sexton, 904 So.2d 1251, 1252 (Ala. 2004), wherein the Alabama Supreme Court found that crime scene photos were not privileged and Allen v. Barksdale, 32 So.3d 1264 (Ala. 2009).  In Allen, the Alabama Supreme Court found the "commissioner's refusal to release incident reports to the general public is not protected by § 12–21–3.1(b). In contrast to an incident report, an investigative report produced by the I & I division would be protected by § 12–21–3.1(b), as the inmates concede." Id. at 1271.  The Court explained that "the Open Records Act favors disclosure, and exemptions to that Act, including those created by statute, [such as Ala. Code § 12-21-3.1] must be narrowly construed." Id.

admissible; and (3) specific." United States v. Dupree, No. 10-CR-627 KAM, 2011 WL 2006295, at *3 (E.D.N.Y. May 23, 2011) (citing Nixon, 418 U.S. at 700).

A Rule 17 subpoena may be quashed or modified if "compliance would be unreasonable or oppressive." Nixon, 418 U.S. at 698; Fed. R. Crim. P. 17(c)(2). "A "subpoena may be 'unreasonable or oppressive' if . . . it seeks information that is . . . privileged." United States v. Pinson, No. 2:19-CR-00250, 2020 WL 2830988, at *3 (S.D.W. Va. May 29, 2020) (citation omitted); United States v. Shanahan, 252 F.R.D. 536, 540 (E.D. Mo. 2008) ("A court may quash or modify a subpoena for the production of documents, if producing the documents would be unreasonable or oppressive, or if the subpoena calls for privileged matter.").

The State of Alabama does not argue that Johnson failed to meet the Nixon requirements, or that producing the documents would be unreasonable or oppressive,[2] but instead argues that compliance is not possible because the documents are privileged and protected from disclosure by state law and Johnson has not shown undue hardship such that an exception to the privilege may exist.

Under Alabama law, law enforcement investigative reports and related investigative material are not public records and are protected from disclosure unless certain requirements are met. The statute sets forth as follows:

> (a) Neither law enforcement investigative reports nor the testimony of a law enforcement officer may be subject to a civil or administrative subpoena except as provided in subsection (c).
>
> (b) Law enforcement investigative reports and related investigative material are not public records. Law enforcement investigative reports, records, field notes, witness statements, and other investigative writings or recordings are privileged communications protected from disclosure.
>
> (c) Under no circumstance may a party to a civil or administrative proceeding discover material which is not authorized discoverable by a defendant in a criminal matter. Noncriminal parties may upon proper motion and order from a court of record: Secure photographs, documents and tangible evidence for examination and copying only by order of a court imposing such conditions and

---

[2] The State cites Federal Rule of Civil Procedure 45, instead of Federal Rule of Criminal Procedure 17. Under Fed. R. Civ. P. 45, the recipient of a subpoena may object and may move to quash or modify when the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or [ ] subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

3

> qualifications as may be necessary to protect a chain of custody of evidence; or protect the prosecutors', law enforcement officers', or investigators' work product; or to prevent the loss or destruction of documents, objects, or evidence. Such discovery order may be issued by a court of record upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources.

Ala. Code § 12-21-3.1(a), (b), & (c).

Although this action is not a "civil or administrative proceeding", Johnson and the State rely upon this statute. Arguably, Johnson would be a "noncriminal" party, with respect to the state court criminal proceeding. Thus, in order to obtain the subpoenaed documents, Johnson must show by "proof by substantial evidence, that [she] will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources." Ala. Code § 12-21-3.1(c).

The Court finds that Johnson failed to meet her burden as to the District Attorney's 2001 witness statements and photos.[3] First, the Court has no way to evaluate whether the witness statements and photos are otherwise available, as Johnson's request is not specific. However, as explained by Johnson, the charge against Morie was based on a sexual assault of Johnson. Thus, it is likely that Johnson would have been the primary witness, and no reason has been given why she could not recount the events sufficiently to aid her psychologist.[4] Moreover, Johnson failed to show that she will suffer undue hardship if her psychologist cannot review these documents as part of her psychological evaluation or if the documents are not considered by the Court pursuant to 18 U.S.C. § 3553(a). Again, Johnson can testify to the traumatic events without the aid of the requested documents. With respect to her own medical and psychological records, Johnson has not shown why she cannot obtain these records. Therefore, the State's motion to quash is granted as to these documents.

---

[3] As to incident reports, the Court reconsiders its issuance of the subpoena for the incident reports. Johnson has failed to show that she "cannot properly prepare for trial without such production." United States v. Nixon, 418 U.S. at 699–700.

[4] Although Johnson indicates she was diagnosed with repressed memories, she failed to link this diagnosis to a present inability to remember what happened.

With respect to the psychological evaluation of Morie, Johnson met her burden to show that the evaluation is not available from another reasonable source. Although the Taylor Hardin Secure Medical Facility would likely have the psychological evaluation, Johnson would face undue hardship to obtain the evaluation from the Facility. Moreover, information regarding her father's psychosis is necessary to aid in Johnson's defense. Therefore, the State's motion to quash is **DENIED** only as to the **Taylor Hardin Psychological Evaluation of Ralph Everette Morie** (if such is in the possession of the District Attorney).

DONE and ORDERED this 1st day of July 2020.

s / Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE